IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JASON WARE, | No. C 10-02618 SBA (PR) |
| Plaintiff, | **ORDER OF SERVICE** |
| v. | |
| ANTHONY HEDGPETH, Warden, | |
| Defendant. | |

Plaintiff, a state prisoner incarcerated at Salinas Valley State Prison (SVSP), filed the instant civil rights action pursuant to 42 U.S.C. § 1983 claiming constitutional violations because SVSP Warden Anthony Hedgpeth improperly took money from his trust account to pay restitution fines and also improperly subjected him to an administrative fee of 55% of the restitution amount "when the law was 33% restitution obligation." (Compl. at 3.) He specifically claims that Defendant "allowed accounting to take money out of [his] trust account that was not owed any more." (Id.) Plaintiff requests the Court to direct Defendant "to reimburst [sic] [his] account a percentage collected for over billing [him] . . . ." (Compl. at 3.)

Plaintiff has been granted leave to proceed in forma pauperis.

Venue is proper because the events giving rise to the claim are alleged to have occurred at SVSP, which is located in this judicial district. See 28 U.S.C. § 1391(b).

**DISCUSSION**

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se

1 pleadings must, however, be liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d
2 696, 699 (9th Cir. 1988).

3     To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
4 (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the
5 alleged violation was committed by a person acting under the color of state law.  See West v. Atkins,
6 487 U.S. 42, 48 (1988).

7 **B.**     **Legal Claim**

8     Having reviewed the complaint, the Court finds that Plaintiff's allegations, when liberally
9 construed, state a cognizable claim that Defendant violated his rights under the Excessive Fines
10 Clause of the Eighth Amendment and the Takings Clause of the Fifth Amendment, by improperly
11 collecting a restitution fine that was "not owed any more" and by subjecting him to an administrative
12 fee of 55% of the restitution amount.  See Austin v. United States, 509 U.S. 602, 610 (1993); see,
13 e.g., Wright v. Riveland, 219 F.3d 905, 915-16 (9th Cir. 2000) (statutorily authorized deductions
14 from all funds received by inmates to pay for crime victims' compensation and to contribute toward
15 costs of incarceration were punishment and therefore subject to restrictions of Excessive Fines
16 Clause).  See also McIntyre v. Bayer, 339 F.3d 1097, 1099-1100 (9th Cir. 2003) (noting that Nevada
17 statute that appropriates the interest generated by the prisoners' personal property fund and spends it
18 for the benefit of the prison population as a whole implicates Takings Clause).

19 <center>**CONCLUSION**</center>

20     1.     Plaintiff has stated a COGNIZABLE claim that Defendant violated his rights under
21 the Excessive Fines Clause of the Eighth Amendment and the Takings Clause of the Fifth
22 Amendment.

23     2.     The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of
24 Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and
25 all attachments thereto (docket no. 1) and a copy of this Order to **Warden Anthony Hedgpeth at**
26 **SVSP**.  The Clerk of the Court shall also mail a copy of the complaint and a copy of this Order to
27 the State Attorney General's Office in San Francisco.  Additionally, the Clerk shall mail a copy of
28

*United States District Court*
*For the Northern District of California*

this Order to Plaintiff.

      3.      Defendant is cautioned that Rule 4 of the Federal Rules of Civil Procedure requires Defendant to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendant, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fails to do so, Defendant will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendant had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendant will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendant is asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendant has been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

      4.      Defendant shall answer the complaint in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

      a.      No later than **ninety (90) days** from the date Defendant's answer is due, Defendant shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. If Defendant is of the opinion that this case cannot be resolved by summary judgment, Defendant shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

      b.      Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendant no later than **sixty (60) days** after the date on which Defendant's motion is

1  filed.  The Ninth Circuit has held that the following notice should be given to <u>pro se</u> plaintiffs facing

2  a summary judgment motion:

>     The defendant has made a motion for summary judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
>     Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted [in favor of the defendants], your case will be dismissed and there will be no trial.

See <u>Rand v. Rowland</u>, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce <u>evidence</u> in support of those allegations when he files his opposition to Defendant's dispositive motion.  Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration.  Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

   c. If Defendant wishes to file a reply brief, Defendant shall do so no later than **thirty (30) days** after the date Plaintiff's opposition is filed.

   d. The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

  5. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure.  Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendant to depose

4

Plaintiff and any other necessary witnesses confined in prison.

6. All communications by Plaintiff with the Court must be served on Defendant, or Defendant's counsel once counsel has been designated, by mailing a true copy of the document to Defendant or Defendant's counsel.

7. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

8. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **fifteen (15) days** prior to the deadline sought to be extended.

IT IS SO ORDERED.

DATED: 5/2/11

SAUNDRA BROWN ARMSTRONG
United States District Judge

G:\PRO-SE\SBA\CR.10\Ware2618.serve.wpd       5

1 UNITED STATES DISTRICT COURT
FOR THE
2 NORTHERN DISTRICT OF CALIFORNIA

MICHAEL JASON WARE,

Case Number: CV10-02618 SBA

Plaintiff,

**CERTIFICATE OF SERVICE**

v.

ANTHONY HEDGPETH et al,

Defendant.
                                                      /

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 3, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


Michael Jason Ware P-73517
Salinas Valley State Prison
SVSP
P. O. Box 1050
Soledad, CA 93960

Dated: May 3, 2011

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk

G:\PRO-SE\SBA\CR.10\Ware2618.serve.wpd      6