IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JASON WARE,<br><br>    Plaintiff,<br><br>v.<br><br>ANTHONY HEDGPETH, Warden,<br><br>    Defendant. | No. C 10-02618 SBA (PR)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND GRANTING PLAINTIFF'S REQUEST FOR LEAVE TO REFILE HIS COMPLAINT IN A NEW ACTION**<br><br>(Docket nos. 20, 27) |

## INTRODUCTION

On May 28, 2010, Plaintiff Michael Jason Ware, a state prisoner incarcerated at Salinas Valley State Prison (SVSP), filed this pro se civil rights action under 42 U.S.C. § 1983.

In an Order dated May 2, 2011, the Court found cognizable Plaintiff's claims under the Excessive Fines Clause of the Eighth Amendment and the Takings Clause of the Fifth Amendment against Defendant SVSP Warden Anthony Hedgpeth.

On October 3, 2011, Defendant moved to dismiss Plaintiff's claims for failure to exhaust administrative remedies. SVSP Appeals Coordinator E. Medina and California Department of Corrections and Rehabilitation (CDCR) Chief of the Office of Appeals D. Foston submitted declarations in support of Defendant's motion to dismiss. Specifically, Defendant submitted evidence showing that Plaintiff failed to follow SVSP's procedural rules concerning his initial inmate grievance relating to the claims in this suit, and that the grievance was screened out and ultimately cancelled because Plaintiff failed to follow procedural rules. (Medina Decl. ¶¶ 3-4.) Defendant further noted that, approximately one year after filing the present action, Plaintiff submitted a second inmate grievance, log number SVSP-11-01082, also relating to the claims in this suit. Because Plaintiff did not exhaust log number SVSP-11-01082 before filing this action, Defendant argues that his claims should be dismissed as unexhausted under the Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA).

On October 24, 2011, Plaintiff filed an opposition in response to Defendant's motion to dismiss. In his opposition, Plaintiff claims that he has "'new' documents" showing that he has

1  "exhausted remedies at the highest level of administrative appeal." (Opp'n at 1.)  He also attaches a
2  copy of the "Third Level Appeal Decision" dated October 11, 2011 concerning log number
3  SVSP-11-01082.  (Id., Ex. A.)

4  On November 18, 2011, Defendant filed a reply, in which he notes that log number
5  SVSP-11-01082 was denied at the Director's Level of Appeal on October 11, 2011 -- more than a
6  year after May 28, 2010, the date Plaintiff filed the instant complaint.  Therefore, Defendant argues
7  that dismissal is still warranted.

8  On December 2, 2011, Plaintiff filed a response to Defendant's reply as well as a document
9  entitled, "Motion Request to Dismiss Plaintiff[']s Complaint Without Prejudice Too [sic] Amend
10 Exhaustion of Administrative Remedies."  In his motion, Plaintiff concedes that his claims are
11 unexhausted and states that he "wishes to be able to refile the complaint with exhausted
12 administrative remedies per [the] PLRA requirements."  (Pl.'s Dec. 2, 2011 Mot. at 1.)  Thus, the
13 Court construes Plaintiff's motion as a request for leave to refile his complaint in a new action.

14 For the reasons discussed below, the Court GRANTS Defendant's motion to dismiss and
15 GRANTS Plaintiff's request for leave to refile his complaint in a new action.

## DISCUSSION

17 The PLRA amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with
18 respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner
19 confined in any jail, prison, or other correctional facility until such administrative remedies as are
20 available are exhausted."  42 U.S.C. § 1997e(a).  The PLRA's exhaustion requirement is therefore
21 mandatory, and no longer left to the discretion of the district court.  Woodford v. Ngo, 548 U.S. 81,
22 85 (2006) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)).

23 The PLRA's exhaustion requirement requires "proper exhaustion" of administrative
24 remedies.  Woodford, 548 U.S. at 93.  This means "[p]risoners must now exhaust all 'available'
25 remedies," id. at 85, in "compliance with an agency's deadlines and other critical procedural rules."
26 Id. at 90-91.  The requirement cannot be satisfied "by filing an untimely or otherwise procedurally
27 defective administrative grievance or appeal."  Id.  Further, the remedies "available" need not meet
28

2

1 federal standards, nor need they be "plain, speedy and effective." Porter v. Nussle, 534 U.S. 516,
2 524 (2002); Booth, 532 U.S. at 739-40 & n.5.

3 It is the prison's requirements, and not the PLRA, that define the boundaries of proper
4 exhaustion. Jones v. Bock, 549 U.S. 199, 218 (2007). The CDCR provides its inmates and parolees
5 the right to appeal administratively "any departmental decision, action, condition, or policy which
6 they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. Tit. 15,
7 § 3084.1(a). The CDCR also provides its inmates the right to file administrative appeals alleging
8 misconduct by correctional officers. See id. § 3084.1(e). In order to exhaust all available
9 administrative remedies within this system, a prisoner must submit his complaint as a 602 inmate
10 appeal and proceed through several levels of appeal: (1) informal level grievance filed directly with
11 any correctional staff member; (2) first formal level appeal filed with one of the institution's appeal
12 coordinators; (3) second formal level appeal filed with the institution head or designee; and (4) third
13 formal level appeal filed with the CDCR director or designee. Id. § 3084.5; Brodheim v. Cry, 584
14 F.3d 1262, 1264-65 (9th Cir. 2009); Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997).
15 This satisfies the administrative remedies exhaustion requirement under § 1997e(a). Barry, 985 F.
16 Supp. at 1237-38.

17 Non-exhaustion under § 1997e(a) is an affirmative defense which should be brought by
18 defendants in an unenumerated motion to dismiss under Federal Rule of Civil Procedure 12(b).
19 Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). However, a complaint may be dismissed by
20 the court for failure to exhaust if a prisoner "conce[des] to nonexhaustion" and "no exception to
21 exhaustion applies." Id. at 1120. Here, Plaintiff conceded that he had not exhausted his
22 administrative remedies at the time he filed his original complaint. Plaintiff has since informed the
23 Court that he has exhausted his available administrative remedies by filing log number SVSP-11-
24 01082, relating to his claims in this suit. However, the decision at the third and final level of this
25 inmate appeal was not issued until October 11, 2011, more than a year after this action had been
26 filed on May 28, 2010. An action must be dismissed unless the prisoner exhausted his available
27 administrative remedies before he filed suit, even if the prisoner fully exhausts while the suit is
28

1 pending. McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002); see Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006) (where administrative remedies are not exhausted before the prisoner sends his complaint to the court it will be dismissed even if exhaustion is completed by the time the complaint is actually filed). Therefore, this inmate appeal that concluded after the action was filed did not exhaust any claim in this action.

Accordingly, the Court GRANTS Defendant's motion to dismiss and GRANTS Plaintiff's request for leave to refile his complaint in a new action. Therefore, the complaint is DISMISSED without prejudice to refiling his exhausted claims in a new action. See McKinney, 311 F.3d at 1199-1201.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss (docket no. 20) and Plaintiff's request for leave to refile his complaint in a new action (docket no. 27) are GRANTED. Plaintiff's claims are DISMISSED without prejudice to refiling in a new action. See id. The Court has rendered its final decision on this matter; therefore, this Order TERMINATES Plaintiff's case.

The Clerk of the Court shall terminate all pending motions and close the file. The Clerk shall also send Plaintiff a blank civil rights complaint form and a blank in forma pauperis application along with his copy of this Order.

This Order terminates Docket nos. 20 and 27.

IT IS SO ORDERED.

DATED: 3/29/12

SAUNDRA BROWN ARMSTRONG
United States District Judge

<div style="margin-left:3em">

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

MICHAEL JASON WARE,

        Plaintiff,

  v.

ANTHONY HEDGPETH et al,

        Defendant.

Case Number: CV10-02618 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 30, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Michael Jason Ware P-73517
Salinas Valley State Prison
SVSP
P. O. Box 1050
Soledad, CA 93960

Dated: March 30, 2012

        Richard W. Wieking, Clerk
        By: Lisa Clark, Deputy Clerk

</div>